IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2128-D

| | |
|---|---|
| SCOTT ALAN MASSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| J.C. HOLLAND, ) | |
| ) | |
| Respondent. ) | |

On February 14, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 9] and recommended dismissing without prejudice Scott Alan Massey's ("Massey") 28 U.S.C. § 2241 petition. Massey objected to the M&R [D.E. 10].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Massey's objections do not meaningfully address the M&R. Because Massey's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Alternatively, Massey's objections lack merit. Massey's petition challenges the validity of his conviction. See Pet. [D.E. 1] 6–10. Massey must challenge the legality of his sentence

under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Massey is procedurally barred from filing a section 2255 motion because he already filed one such motion and has not received authorization from the United States Court of Appeals for the Sixth Circuit to file another. Massey v. United States, No. 1:07-CR-175, 2011 WL 1630744 (W.D. Mich. Apr. 29, 2011) (unpublished); see 28 U.S.C. § 2255(h).

In United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit held:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. Vial, 115 F.3d at 1194 n.5. Massey cannot satisfy the Wheeler test because Massey does not cite any change in the law that applies retroactively on collateral review. See Wheeler, 886 F.3d at 428–29; Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Thus, Massey may not challenge the legality of his conviction and sentence under section 2241.

Massey also challenges the conditions of his confinement. See Pet. [D.E. 1] 8. Massey's challenges to his conditions of confinement are not cognizable in a section 2241 petition. See M&R at 5.

2

In sum, after reviewing the M&R, the record, and Massey's objections, the court OVERRULES Massey's objections [D.E. 10], ADOPTS the conclusions in the M&R [D.E. 9], and DISMISSES Massey's petition without prejudice. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This _2_ day of October 2018.

JAMES C. DEVER III
Chief United States District Judge